UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL BRUNO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02147-JPH-MG |
| | ) | |
| INDIANA STATE PRISON WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND ORDERING RESPONDENT TO ANSWER PETITION**

Indiana state prisoner Michael Bruno filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. The respondent moved to dismiss the petition, arguing that Mr. Bruno's claim is procedurally defaulted. Dkt. 9. For the reasons below, the Court denies the motion to dismiss and orders Respondent to answer the petition.

## I. Background

An Indiana jury convicted Mr. Bruno of criminal recklessness, murder, and conspiracy to commit murder. Dkt. 9-1 at 1. He was sentenced to 78 years in prison. *Id.*

On direct appeal, Mr. Bruno argued that the evidence was insufficient to support his convictions, the trial court improperly refused to submit verdict forms for voluntary manslaughter and reckless homicide, and his sentence violated state law and the Double Jeopardy Clause. Dkt. 9-2 at 2. The Indiana Supreme Court found the evidence sufficient to support the convictions and determined that Mr. Bruno had waived his argument regarding the verdict forms.

Dkt. 9-1 at 3. The Supreme Court then determined that Mr. Bruno's consecutive sentences for criminal recklessness were improper and remanded for resentencing. *Id.* The trial court imposed a new sentence of 70 years' imprisonment, which Mr. Bruno did not appeal.

In July 2003, Mr. Bruno petitioned for post-conviction relief (Cause No. 18C03-0307-PC-000006). Dkt. 14-1 at 37. The case remained dormant until December 2021, when Mr. Bruno hired a private attorney who moved to amend the petition. The post-conviction court granted the motion, and counsel twice amended the petition, in May 2022 and June 2023. In that proceeding, Mr. Bruno alleged that the State committed prosecutorial misconduct and failed to disclose deals it made with witnesses in violation of *Giglio v. United States*, 405 U.S. 150 (1972). He also alleged that his trial counsel was ineffective for failing to move for a change of venue, object to a misstatement of the law in the State's closing argument, raise a double-jeopardy challenge, and disclose a conflict of interest. Dkt. 9-3 at 5. The post-conviction court held an evidentiary hearing and then denied relief. *Id.* at 5–6, 8.

Mr. Bruno, without counsel, appealed the denial of post-conviction relief. Dkt. 9-4. He asserted that his post-conviction attorney failed to include in his post-conviction petition a claim based on trial counsel's failure to object to erroneous jury instructions on the elements of murder and voluntary manslaughter, despite Mr. Bruno's request that post-conviction counsel raise that claim. *Id.* at 27–28. Mr. Bruno cited *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), arguing that they entitled him to

review of this claim even though post-conviction counsel did not raise it in his post-conviction petition. *Id.* at 25–28. Mr. Bruno also renewed his *Giglio* challenge and raised a new challenge to trial counsel's failure to object to the State's use of the word "victim" in closing arguments. *Id.* at 29–54.

The Court of Appeals of Indiana determined that Mr. Bruno waived his new grounds of ineffective assistance of trial counsel by not raising them to the post-conviction court, and that *Martinez* and *Trevino* did not overcome that waiver because they applied "only in federal habeas corpus proceedings." Dkt. 9-3 at 9–10 (citing *Isom v. State*, 235 N.E.3d 150, 155 (Ind. 2024)). The court of appeals also rejected Mr. Bruno's other challenges. *Id.* at 10–13. Mr. Bruno sought transfer to the Indiana Supreme Court, raising only his *Giglio* issue. Dkt. 9-5. The Indiana Supreme Court denied his petition. Dkt. 9-6.

In April 2025, Mr. Bruno sought permission to file a successive petition for post-conviction relief in state court. Dkt. 9-7. Mr. Bruno again sought to raise his claim that trial counsel was ineffective for failing to object to jury instructions on murder and voluntary manslaughter. *Id.* at 4. He argued that the instructions "incorrectly included sudden heat as an element of voluntary manslaughter and did not instruct the jury that before it could convict Bruno of murder[,] the State must have proved beyond a reasonable doubt that he was not acting under sudden heat." *Id.* Mr. Bruno included a letter that he wrote to counsel in his initial post-conviction proceeding asking her to look into the issue as an additional ground for relief. Dkt. 14-1 at 12–25. Mr. Bruno claimed that his attorney agreed to amend his petition "to include this issue," but abandoned him

"and this critical claim of trial counsel ineffectiveness" by failing to raise it in his amended post-conviction petition. *Id.* at 6. The Court of Appeals of Indiana declined to authorize the successive petition. Dkt. 9-8.

On October 20, 2025, Mr. Bruno, by counsel, filed his petition for a writ of habeas corpus in this case under 28 U.S.C. § 2254. Dkt. 1. Respondent moved to dismiss the petition, asserting that Mr. Bruno procedurally defaulted his claim. Dkt. 9.

## II. Discussion

The petition raises a single ground for relief, alleging that Mr. Bruno's trial counsel was ineffective for failing to challenge the jury instructions' inclusion of "sudden heat" as an element of voluntary manslaughter and failing to propose an instruction that the State must prove the *absence* of sudden heat to convict him of murder. Dkt. 1 at 2–3. The respondent moves to dismiss the petition, arguing that Mr. Bruno's claim is procedurally defaulted because he did not fairly present it through a complete round of state court review and because the appellate court in his state post-conviction proceedings found it waived. Dkt. 9 at 4.

### A. Procedural Default of Federal Claims

"There are two distinct ways in which a state prisoner can procedurally default a federal claim." *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016). "The first . . . comes from the independent and adequate state ground doctrine." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)). "The second comes from the rule that before pursuing post-conviction relief in federal court,

a state prisoner must 'exhaust[ ] the remedies available in the courts of the State' by giving the state courts an 'opportunity to act on his claims.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999)).

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Each claim must be "fairly presented" as state law prescribes. *See O'Sullivan*, 526 U.S. at 848.

"Fair presentation contemplates that 'both the operative facts and the controlling legal principles must be submitted' to the state court." *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995). Moreover, a petitioner must fairly present the claim through at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. *See O'Sullivan*, 526 U.S. at 847–48 (holding that a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts). In Indiana, that means "fully and fairly present[ing] it to the Indiana Supreme Court in [a] petition for transfer to that court." *Hinesley v. Knight*, 837 F.3d 721, 735 (7th Cir. 2016). When a habeas petitioner fails to exhaust his claim in the state courts, and the state courts would now find the claim procedurally barred, the claim is procedurally defaulted for the purpose of federal habeas corpus review. *See Coleman*, 501 U.S. 732, 735 & n.1.

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A petitioner can overcome procedural default of a claim of ineffective assistance of trial counsel if he demonstrates: "(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *See Trevino*, 569 U.S. at 423 (quoting *Martinez*, 566 U.S. at 13–15, 16–18).

**B. Analysis**

Respondent contends that Mr. Bruno's § 2254 petition must be dismissed because he procedurally defaulted his ineffective assistance of trial counsel claim by not raising it in his petition to transfer to the Indiana Supreme Court in his state post-conviction proceedings. Dkt. 9 at 4–5. But under *Martinez-Trevino*, Mr. Bruno was not required to raise his ineffective assistance of trial counsel claim to the Indiana appellate courts in post-conviction proceedings after post-conviction counsel failed to raise it in the amended petition for post-conviction relief. While "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted," that

rule applies when the claim "could have [been] raised" to the state appellate court. *Karr v. Sevier*, 29 F.4th 873, 886 (7th Cir. 2022) (addressing procedural default on direct appeal). Here, the claim was defaulted in the post-conviction trial court and could not have been raised in that appeal under Indiana's rules. *See* Ind. Post-Conviction Rule 1, § 8 (barring from review any claim not raised in the post-conviction petition); dkt. 9-3 at 9–10 (citing *Isom*, 235 N.E.3d at 155).

At least one district court in Indiana has accordingly noted that "a habeas petitioner is not required to exhaust a claim of ineffective assistance by post-conviction counsel in order to use it as cause to excuse a procedural default" under *Martinez-Trevino*. *Funk v. Warden*, No. 3:24-CV-1001-HAB-ALT, 2025 WL 3072959, at *11 (N.D. Ind. Nov. 3, 2025). Respondent cites no case holding otherwise under *Martinez–Trevino. See* dkt. 15 at 2–3. And Mr. Bruno raises the ineffectiveness of his post-conviction counsel only as cause to excuse the default of his current claim under *Martinez-Trevino*; he has not raised the ineffectiveness of post-conviction counsel as a standalone claim. *See Martinez*, 566 U.S. at 17 (distinguishing "cause" from a "ground for relief").

In fact, Mr. Bruno's failure to exhaust his ineffective assistance of trial counsel claim by raising it through one full round of state court review is the reason why he invokes *Martinez-Trevino*. *See Brown v. Brown*, 847 F.3d 502, 512–13 (7th Cir. 2017) ("The *Martinez-Trevino* form of cause to excuse procedural default is available to Indiana defendants who seek federal habeas relief"). If Mr. Bruno had presented his ineffective assistance of trial counsel claim in his post-conviction petition, raised it on appeal, and included it in his petition to

transfer to the Indiana Supreme Court, then he would have no need to rely on *Martinez–Trevino* because the claim would be exhausted, and he could raise it in his § 2254 petition without issue. Mr. Bruno therefore is not foreclosed from using *Martinez–Trevino* on this basis.

Respondent alternatively argues that *Martinez-Trevino* "should not apply when a petitioner retains counsel as opposed to having counsel appointed by the State." Dkt. 15 at 1. But *Martinez* applies both "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial" and "where appointed counsel in the initial-review collateral proceeding . . . was ineffective." 566 U.S. at 14. Here, the Indiana post-conviction court did not appoint Mr. Bruno counsel, and neither *Martinez* nor *Trevino* distinguished situations where the petitioner retained counsel from those in which counsel was appointed. Nor has Respondent cited any case stating that the exception from *Martinez* and *Trevino* is unavailable when a petitioner hired his own attorney. *See Karr*, 29 F.4th at 883 (The *Martinez-Trevino* exception "applies to excuse procedural defaults in federal habeas proceedings if state procedural law required a petitioner's claims to be raised in an initial-review collateral proceeding, but the petitioner failed to do so.").

Moreover, Respondent did not raise this argument in its motion to dismiss and instead raised it for the first time in the reply brief in support of the motion. By doing so, Respondent has waived this argument. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[D]istrict courts are entitled to treat an argument raised for the first time in a reply brief as waived.").

But whether Mr. Bruno has satisfied the *Martinez–Trevino*'s first element—whether his claim of ineffective assistance of trial counsel is "substantial"—is uncertain on this motion to dismiss without briefing on the merits of his claim. Because the parties have not yet briefed the merits and have only discussed whether it is defaulted, the court **denies** the motion to dismiss and **orders** Respondent to answer Mr. Bruno's § 2254 petition. *See Karr*, 29 F.4th at 886 (affirming district court's decision, on a full record and merits briefing, that *Martinez–Trevino* did not excuse the procedural defaults there). Respondent may again raise procedural default as a defense in its answer to Mr. Bruno's petition.

## III. Motion for Docket Sheet

On January 20, 2026, the Court received Mr. Bruno's *pro se* motion for a copy of the case docket. Dkt. 12. Because Mr. Bruno has counsel, this motion is **denied**. *See, e.g., United States v. James*, 487 F.3d 518, 527–28 (7th Cir. 2007) (noting that district court could but did not have to address counseled defendant's *pro se* motions); *United States v. Traeger*, 289 F.3d 461, 471 (7th Cir. 2002) (same). Mr. Bruno may ask his attorney for copies of documents from these proceedings.

## IV. Conclusion

Mr. Bruno's *pro se* motion for a copy of the docket sheet is **DENIED**. Dkt. [12]. The respondent's motion to dismiss the petition for a writ of habeas corpus is **DENIED**. Dkt. [9]. Respondent is **ORDERED to answer the petition by October 19, 2026**. Mr. Bruno will have 28 days after service of the answer to file a response to the answer.

**SO ORDERED.**

Date: 9/29/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

John Kindley
john@kindleylaw.com